C21-2875 JST

United States Bankruptcy Court

Northern District of California

Srinivasan,

     Plaintiff

                                                  Adv. Proc. No. 21-05002-SLJ

Fay Servicing LLC,

     Defendant

# CERTIFICATE OF NOTICE

| District/off: 0971-5 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 16, 2021 | Form ID: pdfnoa | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 18, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| | + Amelia Valenzuela, Esq., Wedgewood Office of the General Counsel, 2015 Manhattan Beach Blvd., Redondo Beach, CA 90278-1226 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | Email/Text: ustpregion17.sj.ecf@usdoj.gov | Apr 17 2021 02:11:00 | Office of the U.S. Trustee / SJ, U.S. Federal Bldg., 280 S 1st St. #268, San Jose, CA 95113-3004 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 18, 2021                    Signature:       /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 16, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Arnold L. Graff | on behalf of Defendant Fay Servicing LLC agraff@wrightlegal.net  bkudgeneralupdates@wrightlegal.net |
| David M. Poitras | on behalf of Defendant Civic Holdings III Trust dpoitras@jmbm.com  dpoitras@wedgewood-inc.com |
| Elaine Soong | on behalf of Defendant Civic Holdings III Trust eyang@wedgewood-inc.com  aguisinger@wedgewood-inc.com |
| Geoff Wiggs | |

District/off: 0971-5                          User: admin                                    Page 2 of 2
Date Rcvd: Apr 16, 2021                    Form ID: pdfnoa                           Total Noticed: 2

on behalf of Plaintiff Vikram Srinivasan ECF@wiggslaw.com  WiggsGR82519@notify.bestcase.com

Mark V. Isola

on behalf of Defendant Anthony and Lisa Nadalin misola@brotherssmithlaw.com

Vinod Nichani

on behalf of Plaintiff Vikram Srinivasan vinod@nichanilawfirm.com  NichaniVR98323@notify.bestcase.com

TOTAL: 6

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**In re**

| | |
|---|---|
| **VIKRAM SRINIVASAN,** | **Case No. 20-51735 SLJ** |
|                         **Debtor.** | **Chapter 11** |

**VIKRAM SRINIVASAN, Debtor,**　　　　　　**Adv. Proc. No. 21-5002 SLJ**

　　　　　　　　　　　**Plaintiff,**

**v.**

**FAY SERVICING, LLC, a Delaware Limited**
**Liability Company; CIVIC HOLDINGS III**
**TRUST, a Delaware Statutory Trust; CIVIC**
**REAL ESTATE HOLDINGS III, LLC, a**
**Delaware Limited Liability Company;**
**ANTHONY and LISA NADALIN,**
**individuals; DOES 1 through 20, inclusive,,**

　　　　　　　　　　　**Defendants.**

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

       Vikram Srinivasan

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
■ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe)

**Part 2: Identify the subject of this**

1. Describe the judgment, order, or decree appealed from:

    a.) ECF # 66 Judgment (Exhibit 1)

    b.) ECF # 65 Order Granting Motion to Dismiss (Exhibit 2)

    c.) ECF # 37  Order Denying Motion for Preliminary Injunction (Exhibit 3)

       (Subject to previously filed Notice of Appeal and Motion for Leave to Appeal)


2. State the date on which the judgment, order, or decree was entered:

    a.) ECF # 66 Judgment -April 1, 2021

    b.) ECF # 65 - Order Granting Motion to Dismiss - March 31, 2021

    c.) ECF # 37  Order Denying Motion for Preliminary Injunction - March 1, 2021


**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses,and telephone numbers of their attorneys (attach additional pages if necessary):

1.    Party:  Fay Servicing, LLC,
            a Delaware Limited Liability Company;

        Attorney:    Arnold L. Graff, Esq.
                       Aldridge Pite, LLP
                       4375 Jutland Dr. #200
                       P.O. Box 17933
                       San Diego, CA 92177-0933
        Phone:      (858) 750-7600

2.    Party: Civic Holdings III Trust,
            a Delaware Statutory Trust

        Attorney:    David M. Poitras, Esq.
                       Jeffer Mangels Butler and Marmaro
                       1900 Avenue of the Stars 7th Fl
                       Los Angeles, CA 90067-2904
        Phone:      (310) 201-3571
             and
                       SUMMIT LEGAL P.C.
                       Elaine Yang Soong (SBN 285318)
                       2015 Manhattan Beach Blvd., Ste 111
                       Redondo Beach, CA 90278
        Phone:      310-426-8988

3.    Party: Civic Real Estate Holdings III, LLC,
            a Delaware Limited Liability Company

|                |                                             |
|----------------|---------------------------------------------|
| <u>Attorney:</u> | David M. Poitras, Esq.                    |
|                | Jeffer Mangels Butler and Marmaro           |
|                | 1900 Avenue of the Stars 7th Fl             |
|                | Los Angeles, CA 90067-2904                  |
| <u>Phone:</u>  | (310) 201-3571                              |

and

|                |                                             |
|----------------|---------------------------------------------|
|                | Amelia Valenzuela, Esq.                     |
|                | Wedgewood Office of the General Counsel      |
|                | 2015 Manhattan Beach Blvd.                  |
|                | Redondo Beach, CA 90278                     |
| <u>Phone:</u>  | (310) 640-3070                              |

4.    <u>Party:</u>    Anthony Nadalin and Lisa Nadalin

<u>Attorney:</u>    Mark V. Isola, Esq.
Brothers Smith
2033 N Main St Suite 720
Walnut Creek, CA 94596
<u>Phone:</u>    925-744-9700

6.    <u>Party:</u> Does 1 through 20, inclusive,

**Part 4: Optional election to have appeal heard by District Court**
**<u>(applicable only in certain districts)</u>**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

■    Appellant(s) elects to have the appeal heard by the United States District Court

(CONTINUED NEXT PAGE)

rather than by the Bankruptcy Appellate Panel.

Part 5: Sign below

__/s/ Vinod Nichani __                    Date:  <u>April 13, 2021</u>
  _    Vinod Nichani

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)
Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

        Nichani Law Firm
        111 N. Market Street, Suite 300
        San Jose, California 95113
        Phone: 408-800-6174
        Fax: 408-290-9802
        Email: vinod@nichanilawfirm.com


        Wayne Greenwald[1]
        Wayne Greenwald, P.C.
        475 Park Avenue South - 18th Floor
        New York, NY 10016
        212-983-1922


Fee waiver notice: If appellant is a child support creditor or its representative and appellant has
filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.
[Note to inmate filers: If you are an inmate filer in an institution andp you seek the timing benefit
of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing)
and file that declaration along with the Notice of Appeal

---

[1] Motions: a.) for *pro hac vice* admission; and b.) to retain firm as special counsel, See, 11 U.S.C.
§ 327(e), pending,

# EXHIBIT "1"

# EXHIBIT "1"

**Entered on Docket**
**April 01, 2021**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: March 31, 2021

*Stephen Johnson*

_____

**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **VIKRAM SRINIVASAN**, | Case No. 20-51735 SLJ |
| Debtor. | Chapter 11 |
| **VIKRAM SRINIVASAN**, Debtor, | Adv. Proc. No. 21-5002 |
| Plaintiff, | |
| v. | |
| **FAY SERVICING LLC** *et al*, | |
| Defendants. | |

## JUDGMENT

On March 31, 2021, I granted Defendants Civic Real Estate Holdings III Trust and Civic Real Estate Holdings III, LLC's motion to dismiss the above-captioned adversary proceeding, without leave to amend as to all claims and defendants. ECF 65. Accordingly, it is hereby ordered, adjudged, and decreed that:

JUDGMENT

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1.   Judgment be entered in favor of Defendants and against Plaintiff on all claims asserted in Plaintiff's complaint.

2.   Plaintiff's complaint be dismissed without leave to amend.

3.   The above-captioned adversary proceeding be dismissed without leave to amend.

4.   The Clerk is directed to close the file.

IT IS SO ORDERED.

**END OF ORDER**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# COURT SERVICE LIST

[ECF recipients]

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

JUDGMENT

# EXHIBIT "2"

# EXHIBIT "2"

**Entered on Docket**
**March 31, 2021**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: March 31, 2021

Stephen Johnson

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **VIKRAM SRINIVASAN**, | Case No. 20-51735 SLJ |
| Debtor. | Chapter 11 |
| **VIKRAM SRINIVASAN**, Debtor, | Adv. Proc. No. 21-5002 |
| Plaintiff, | |
| v. | |
| **FAY SERVICING LLC** *et al*, | |
| Defendants. | |

## ORDER GRANTING MOTION TO DISMISS

Defendants Wedgewood, LLC, Civic Real Estate Holdings III, LLC, and Civic

Holdings III Trust move for dismissal of Plaintiff Vikram Srinivasan's adversary proceeding.

Defendants argue that Plaintiff's entire complaint is premised on the theory that he and his

wholly owned company are alter egos, as without such a finding none of Plaintiff's claims

1  can survive as a matter of law. Plaintiff responds that Defendants' motion is a veiled attempt

2  to dispute allegations of fact, and that each claim is adequately pled.

3      I will grant the motion without leave to amend. Defendants are correct that Plaintiff's

4  alter ego theory fails as a matter of law. And because each claim depends on the automatic

5  stay in Plaintiff's individual case protecting the property of an entity Plaintiff wholly owns,

6  such failure means those claims must be dismissed as well. And since no set of facts could

7  make Plaintiff's alter ego theory viable, leave to amend would be futile.

8  **I.   BACKGROUND**

9      Plaintiff filed this adversary proceeding on January 19, 2021. ECF 1. Plaintiff alleges

10  that his wholly owned company Summitridge Venture Group, LLC ("Summitridge") bought

11  real property located at 1648 Summitridge Drive,[1] Beverly Hills, California 90210 on

12  September 25, 2018 ("Property"). *Id.* ¶ 13. That purchase was financed in part by a

13  $3,500,000 loan from Civic Financial Services, LLC, which was secured by a deed of trust

14  and Plaintiff's personal guarantee. *Id.* ¶ 14. Then, on February 12, 2019, the deed of trust

15  was assigned to Civic Holdings III Trust ("Civic Holdings") and recorded. *Id.* ¶ 18.

16      Plaintiff later defaulted on the note, and Civic Holdings recorded a notice that set a

17  foreclosure for September 13, 2019. *Id.* ¶ 20–21. Summitridge filed a Chapter 11[2] petition on

18  September 12, 2019 – the day before the foreclosure sale – which caused Civic Holdings to

19  postpone the sale in light of the automatic stay. *Id.* ¶ 22; *see* Case No. 19-51855. That

20  bankruptcy was dismissed with a 90-day bar on refiling on November 12, 2019. *Id.* ECF 17.

21      On November 21, 2019, after Summitridge's bankruptcy case was dismissed,

22  Summitridge and Fay Servicing LLC ("Fay"), Civic Holdings' servicer, entered into a

23  forbearance agreement. That agreement provided that Civic Holdings would not foreclose

---

[1] Plaintiff notes the property is also known as 1666 Summitridge Drive, Beverly Hills, California APN: 4335-009-012. ECF 1 ¶ 12.

[2] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA

ORDER GRANTING MOTION TO DISMISS                    2/12

1   on the Property until May 1, 2020, provided Summitridge paid Civic Holdings $712,823.87

2   by November 26, 2019, as well as timely monthly payments thereafter. *Id.* ¶ 23. On

3   November 25, 2019, Plaintiff paid Fay $250,000 by wire on behalf of Summitridge, but

4   Summitridge was unable to pay the balance because of its "bank account being frozen due to

5   an unrelated matter," causing it to default on the forbearance agreement. *Id.* ¶ 26.

6        Civic Holdings rescheduled the foreclosure sale for December 4, 2019. But Plaintiff

7   filed an *individual* Chapter 11 petition on December 2, 2019.[3] On December 3, 2019, Fay

8   contacted Summitridge about entering into a second forbearance agreement. *Id.* ¶ 30. These

9   discussions resulted in an agreement that Civic Holdings would not foreclose until after

10  December 6, 2019, provided it received a payment of $112,937.87 before 11:00 a.m. on

11  December 4, 2019. *Id.* ¶ 31.[4] On December 4, 2019, Civic Holdings proceeded with the

12  foreclosure sale and was the winning bidder. *Id.* ¶ 34. It later received a trustee's deed upon

13  sale. *Id.* On January 3, 2020, Civic Holdings transferred the Property to Civic Real Estate

14  Holdings III, LLC. *Id.* ¶ 36. Finally, on September 21, 2020, Civic Real Estate Holdings III,

15  LLC and Anthony and Lisa Nadalin entered into a real estate purchase agreement, and the

16  sale was closed on October 22, 2020. *Id.* ¶ 37.[5]

17       Based on these facts, Plaintiff's complaint asserts five claims: (1) for a judicial

18  declaration that Plaintiff and Summitridge are alter egos, and that both the foreclosure sale

19  and sale to the Nadalins were voided by the automatic stay; (2) for a judicial declaration,

20  premised on the alter ego claim, that the State court action is subject to the automatic stay in

21  this case; (3) turnover under § 542 of funds paid by Plaintiff under the forbearance

22

23   _____

      [3] Plaintiff's individual bankruptcy case was dismissed on January 8, 2019 because

24  Plaintiff failed to file certain court-ordered documents. Case No. 19-42729, ECF 15.

      [4] Other filings state the second forbearance agreement in fact required a payment of

25  $513,323.87, as well as action by Plaintiff to dismiss his bankruptcy case. ECF 39-2, p.5.

26  Such facts are irrelevant to this motion, but are provided for completeness.

      [5] Plaintiff contends this sale occurred subject to a *lis pendens* he recorded against the

27  Property. ECF 1 ¶ 37. Defendants filed a motion to expunge the *lis pendens* in State court,

    and the court issued an order granting the motion, but such order was stayed pending a

28  determination that the automatic stay did not stay that order.

ORDER GRANTING MOTION TO DISMISS                                          3/12

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   agreements; (4) civil contempt under § 105(a) for violations of the automatic stay arising

2   from the State court motion to expunge Plaintiff's *lis pendens*; and (5) injunctive relief under

3   § 105(a) to prevent Defendants from improving, transferring, or encumbering the Property.

4       Defendants filed this motion to dismiss on February 19, 2021. ECF 28. Defendants

5   argues that Plaintiff's substantive claims fail as a matter of law because the automatic stay did

6   not protect the Property, as it was owned by Summitridge. Then, Defendants argue the

7   claims for declaratory relief also fail because Plaintiff has no cognizable substantive claims.

8       Plaintiff filed his opposition on March 9, 2021. ECF 49. Plaintiff asserts the motion

9   seeks to impermissibly dispute factual allegations, and that each claim is adequately pled.

10      Defendants filed a reply on March 16, 2021, largely reiterating the motion. ECF 55.

## II.   LEGAL STANDARD

12      A defendant may assert, by motion, the defense that the plaintiff has failed to state a

13  claim upon which relief can be granted. Civil Rule 12(b)(6) (incorporated by Bankruptcy

14  Rule 7012). At its heart, a motion to dismiss argues that even if the plaintiff is given every

15  benefit of the doubt, the plaintiff's claim should be dismissed because it is unsupported by

16  factual assertions or is otherwise not legally cognizable.

17      For purposes of evaluating a motion to dismiss, the court "must presume all factual

18  allegations of the complaint to be true and draw all reasonable inferences in favor of the

19  nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Court

20  generally "may not consider any material beyond the pleadings" when deciding a motion to

21  dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.

22  1990). However, the court may consider material submitted with the complaint or relied

23  upon in it, and may also consider material subject to judicial notice. See *Lee v. City of Los

24  Angeles*, 250 F.3d 668, 688–69 (9th Cir.2001).

25      To state a claim for relief and survive a motion to dismiss, the pleading "does not

26  need detailed factual allegations," but the "factual allegations must be enough to raise a right

27  to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

28  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

ORDER GRANTING MOTION TO DISMISS                                              4/12

1    will not do." *Id.* In other words, the "complaint must contain sufficient factual matter,

2    accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

3    U.S. 662, 678 (2009) (citations omitted). The Ninth Circuit summarizes the standard as

4    follows: "[F]or a complaint to survive a motion to dismiss, the nonconclusory factual

5    content, and reasonable inferences from that content, must be plausibly suggestive of a claim

6    entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

7    **III.   DISCUSSION**

8          I discuss each claim below, finding they must all be dismissed because they depend

9    on Plaintiff's alter ego theory to succeed, and that theory fails as a matter of law. I then find

10   that leave to amend would be futile, as the issues with Plaintiff's claims are legal, not factual.

11         The theory underpinning Plaintiff's complaint is that because he and Summitridge

12   are, and were, alter egos, the Property was at all relevant periods owned by Plaintiff, despite

13   being held in Summitridge's name. So the automatic stay in Plaintiff's individual bankruptcy

14   case, which was still in effect when the foreclosure sale was completed, protected the

15   Property, because it was part of his estate. Plaintiff asserts this means all subsequent conduct

16   by Defendants – the foreclosure sale, the sale to the Nadalins, and the motion to expunge

17   Plaintiff's *lis pendens* in State court – are void at inception as violations of the automatic stay,

18   and leave Defendants subject to contempt citations under § 105(a). All of Plaintiff's claims

19   depend on this theory being correct.

20         Sections 362(a)(3) and (4) say that filing a bankruptcy case "operates as a stay,

21   applicable to all entities, of" acts "to obtain possession of property of the estate," "to

22   exercise control over property of the estate," and "to enforce any lien against property of the

23   estate." Property of the estate includes "all legal or equitable interests of the debtor in

24   property as of the commencement of the case." § 541(a)(1). "The application of the alter ego

25   doctrine brings the assets of a bankruptcy debtor's alter ego into the bankruptcy estate."

26   *Towe v. Martinson*, 195 B.R. 137, 140 (D. Mont. 1996) (citing *Suhl v. Bumb*, 348 F.2d 869, 873

27   (9th Cir. 1965)). The key phrase in *Towe* is that an alter ego determination *brings* the assets of

28   an alter ego into the estate; this does not happen automatically, but rather only after a court

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

ORDER GRANTING MOTION TO DISMISS                                                    5/12

1   makes such an alter ego finding. Stated differently, the automatic stay does not protect the

2   property of nondebtors until a bankruptcy court orders it to. *See In re Ripon Self Storage, LLC*,

3   2011 WL 3300087, at *6 (B.A.P. 9th Cir. Apr. 1, 2011) (citing *Boucher v. Shaw*, 572 F.3d 1087,

4   1092 (9th Cir. 2009)). While I find Plaintiff's claims all have individual failures that merit

5   their dismissal, they share an overarching defect: even if I accepted that Plaintiff and

6   Summitridge are, and were, alter egos, that determination could only help his claims if my

7   order has retroactive effect to the foreclosure sale. Plaintiff has not shown any authority that

8   could allow my order to do so. More importantly, I find binding authority says I cannot. *See*

9   *Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 140 S. Ct. 696, 701 ("Put

10  colorfully, nunc pro tunc orders are not some Orwellian vehicle for revisionist history—

11  creating facts that never occurred. Put plainly, the court cannot make the record what it is

12  not.") (cleaned up). As of the foreclosure sale, I am aware of no court finding that Plaintiff

13  and Summitridge were alter egos, so the Property did not come into Plaintiff's bankruptcy

14  estate and was not protected by the automatic stay.[6] Because Plaintiff's complaint is

15  premised on such protection, it must be dismissed with prejudice.

16      A.  Plaintiff's Turnover Claim Must be Dismissed

17          Plaintiff's third claim for turnover under §§ 541 and 542 of the $362,823.87 he paid in

18  connection with the forbearance agreements must also be dismissed because those funds are

19  not subject to a turnover claim. Section 542(a) says parties "in possession, custody, or

20  control" of estate property "shall deliver to the trustee . . . such property or the value of such

21  property, unless such property is of inconsequential value or benefit to the estate." Plaintiff's

---

[6] To the extent Plaintiff's complaint is premised on violations of the automatic stay in this case, not his individual case filed prior to the foreclosure sale, I find such arguments are similarly foreclosed by the absence of a prior alter ego finding. Additionally, because the stay did not void the foreclosure sale, and Plaintiff does not assert the foreclosure sale was faulty for other reasons, such arguments also fail because the Property is no longer the property of Plaintiff *or* Summitridge. As for Plaintiff's claim that Defendants' motion to expunge Plaintiff's recorded *lis pendens* on the Property violated the stay in either case, that motion was filed on May 20, 2020, ECF 45-17, p. 20, after Plaintiff's prior case was dismissed and before this one was filed. The order granting the motion to expunge also did not violate the stay because, among other things, the State court stayed its ruling. ECF 45-18, p. 2.

ORDER GRANTING MOTION TO DISMISS                                        6/12

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

turnover claim is essentially a breach of contract claim; Plaintiff admits as much in describing the basis of this claim as Plaintiff not receiving what was bargained for in the forbearance agreements. The problem here is that actions seeking to recover damages for a breach of contract are "actions to obtain *property owed to* a debtor, but belonging to a third party. Those actions c[an] hardly be characterized as actions to obtain the property owned by the debtor, and [are], therefore, not turnover proceedings." *In re Kincaid*, 917 F.2d 1162, 1165 (9th Cir. 1990) (citations omitted). Stated differently: "Turnover proceedings are not to be used to liquidate disputed contract claims." *In re Charter Co.*, 913 F.2d 1575, 1579 (11th Cir. 1990) (citation omitted). Plaintiff's allegations may show a plausible breach of contract claim. But because that claim seeks funds owed to Plaintiff, such funds are not property of the estate, and therefore cannot be pursued through a § 542 turnover claim.

      B.  <u>Plaintiff's Civil Contempt Claim Must be Dismissed</u>

      Plaintiff's fourth claim seeks a finding of civil contempt against Defendants under § 105(a), arguing Defendants violated the automatic stay by conducting the foreclosure sale on the Property during Plaintiff's prior individual bankruptcy case. A necessary component of this claim is that Summitridge and Plaintiff are alter egos; Plaintiff admits Summitridge was the record title holder on the Property then, so Plaintiff's individual automatic stay could only apply to the Property if I find Summitridge and Plaintiff to be the same entity. I find this claim must be dismissed because the alleged facts show Defendants had an objectively reasonable basis for believing the foreclosure sale did not violate Plaintiff's individual automatic stay: Summitridge owned the Property, so Plaintiff's automatic stay could not protect property owned solely by Summitridge.

      Section 105(a) says I "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Code. "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Dyer*, 322 F.3d 1178, 1190–91 (9th Cir. 2003) (citation omitted). I may "impose civil contempt sanctions when there is no objectively reasonable basis for concluding that the

ORDER GRANTING MOTION TO DISMISS      7/12

creator's conduct might be lawful under" a given court order. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019). Plaintiff argues that, because Plaintiff is Summitridge's sole member, made the forbearance payments personally, and is a codefendant in a suit against Summitridge, Defendants had no objective reasonable basis for thinking Summitridge and Plaintiff were separate entities. I disagree. What matters here are not the facts alleged, but the legal conclusions Plaintiff draws from them. Were I to accept Plaintiff's argument, I would essentially find that the alter ego doctrine automatically applies whenever an entity is wholly owned by one person who makes payments on the entity's behalf and is a codefendant with the entity in an action against it. Plaintiff provides no authority for this, nor have I found any. I find it was objectively reasonable for Defendants to take at face value that Summitridge, not Plaintiff, owned the Property, meaning the foreclosure sale, and actions taken with regard to the Property after that sale, are not subject to civil contempt sanctions.

      C.   <u>Plaintiff's Injunction Claim Must be Dismissed</u>

      Plaintiff's fifth claim seeks an injunction against all Defendants to bar them from improving, modifying, transferring, or encumbering the Property. I denied Plaintiff's motion for a preliminary injunction on March 1, 2021. ECF 37. One reason I found that motion unmeritorious was Plaintiff's alter ego theory of ownership of the Property had no basis in law. Another reason was that the automatic stay already terminated in this case, and the injunction seeks to bar the same conduct the stay would have already enjoined had it not terminated as a matter of law; I found this made the injunction request substantially a collateral attack on my order declining to extend the automatic stay. I made clear in that order that the facts governing the motion were not disputed, so my decision was rooted solely in the motion's lack of legal support. *Id.* at 2 n.1.

      Plaintiff presents no new arguments in support of injunctive relief here. And while I must accept all factual allegations as true, they are the same allegations I accepted as undisputed in my order denying Plaintiff's motion for a preliminary injunction. I conclude that the legal reasoning I used to deny the preliminary injunction motion apply with equal force here. As such, Plaintiff's injunction claim must also be dismissed.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

D. <u>Plaintiff's First and Second Claims for Declaratory Relief Must be Dismissed</u>

Plaintiff's first and second claims seek a variety of declaratory relief. 28 U.S.C. § 2201 allows me to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," provided there is an "actual controversy[.]" "Declaratory relief is available at the discretion of the district court." *Cheesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982) (citations omitted). "Ultimately, a critical question is whether the declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue.'" *In re Yahoo! Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1138 (N.D. Cal. 2018) (quoting *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966)).

Beginning with Plaintiff's request for a declaration that he and Summitridge are alter egos, I find this request fails as a matter of law. As I said in my order denying Plaintiff's motion for a preliminary injunction, some cases allow "corporations to disavow the corporate form where doing so prevents injustice." *Brooklyn Navy Yard Cogeneration Partners, L.P. v. Superior Ct.*, 60 Cal. App. 4th 248, 259 (1997) (collecting cases). But as a general matter "[p]arties who determine to avail themselves of the right to do business by means of the establishment of a corporate entity must assume the burdens thereof as well as the privileges." *Id.* (citations and internal quotation marks omitted). Plaintiff again fails to show a legal basis for making an exception to the general rule that parties accept both the benefits and burdens of separate corporate personhood, so this request for relief must be dismissed.

Plaintiff raises the unusual circumstances doctrine as a basis for finding the stay in his individual case protected Summitridge's property. That doctrine says the "automatic stay may protect nondebtors only under 'unusual circumstances' where the interests of the debtor and the nondebtor are inextricably interwoven." *Ripon*, 2011 WL 3300087 at *6 (citing *A.H. Robbins v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). That said, "any extension of the automatic stay to nondebtors does not occur automatically but requires the filing of an adversary proceeding requesting the bankruptcy court to act under § 105(a)." *Ripon*, 2011 WL 3300087 at *6. A corollary to that rule is the stay does not automatically protect non-

ORDER GRANTING MOTION TO DISMISS                                         9/12

1   debtor property until I order it so under § 105(a). *See Ripon*, 2011 WL 3300087 at *6 ("'[The

2   stay] does not protect non-debtor parties or their property.") (citing *Boucher v. Shaw*, 572 F.3d

3   1087, 1092 (9th Cir. 2009)). So even if I did agree with Plaintiff's alter ego theory, such a

4   declaration would not relate back to the time of the foreclosure sale. This means there is no

5   actual controversy underpinning this declaratory relief request, as if my accepting the alter

6   ego theory still means the automatic stay did not protect the Property, then Plaintiff has no

7   substantive claim that Defendants violated the stay. This is a second reason I find it

8   appropriate to dismiss this request for declaratory relief.

9       Plaintiff also requests I declare the foreclosure sale was void at the outset, as well as

10   the sale to the Nadalins, as violations of the automatic stay. But these requests require I also

11   grant Plaintiff's request to declare him and Summitridge alter egos. This is because the

12   Property must have part of Plaintiff's bankruptcy estate for the stay to void those sales. Since

13   I am dismissing Plaintiff's complaint to the extent it seeks that alter ego determination, these

14   requests must similarly be dismissed.

15       Finally, Plaintiff requests a determination that the State court case involving Plaintiff's

16   *lis pendens* on the Property is subject to the automatic stay in this case, and is part of his

17   bankruptcy estate. The first problem with this request is the automatic stay terminated

18   automatically under § 362(c)(3)(A). Case No. 20-51735 ECF 52. The second problem is that,

19   even if I were to grant this relief, it would have no bearing on the outcome of this litigation.

20   To reiterate, Plaintiff's ultimate assertion is that because he and Summitridge are alter egos,

21   his individual automatic stay protected the Property, voiding the foreclosure sale and any

22   subsequent actions affecting the Property thereafter. I have already rejected Plaintiff's alter

23   ego theory. And as mentioned above, non-debtor property is not protected by a debtor's

24   automatic stay until I issue an order saying so under § 105(a). So even if I granted this

25   request for declaratory relief, it would not relate back to the filing of this case. At a

26   minimum, such a declaration would not support a claim for civil contempt; the absence of

27   an order stating the Property is protected by Plaintiff's automatic stay at the time escrow

28

ORDER GRANTING MOTION TO DISMISS                                                    10/12

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

closed means Defendants an objectively reasonable basis for believing their actions were lawful. Simply put, there was no notice Plaintiff's automatic stay could apply.

E. <u>Dismissal Without Leave to Amend is Appropriate Here</u>

Defendants request I grant their motion without leave for Plaintiff to amend his complaint. When a complaint is dismissed by a Civil Rule 12(b)(6) motion, "[l]eave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. But if amendment is futile, dismissal may be ordered with prejudice." *Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1135 (N.D. Cal. 2010) (citations omitted). I find amendment would be futile here. Plaintiff's arguments here are the same ones he made, and I rejected, in his motion for preliminary injunction. And as discussed above, the problem with Plaintiff's complaint is not a lack of factual support, but the absence of legal authority to support his claims. The complaint rests on my agreeing with him that finding he and Summitridge are alter egos can retroactively cause the automatic stay to protect the Property and block Defendants' foreclosure sale of it. I have already expressed my doubts about that theory, and Plaintiff presents no reason for me to reconsider here. Because this action depends on a theory not grounded in law, I will deny Plaintiff leave to amend.

**IV. CONCLUSION**

Because Plaintiff's alter ego theory fails as a matter of law, each of his claims must as well. And since there are no facts that Plaintiff could replead to make that legal theory work, leave to amend is futile here. Accordingly, it is hereby ordered that Plaintiff's adversary proceeding be dismissed with prejudice.

IT IS SO ORDERED.

**END OF ORDER**

<div style="writing-mode: vertical">UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF CALIFORNIA</div>

ORDER GRANTING MOTION TO DISMISS                    11/12

# COURT SERVICE LIST

[ECF recipients]

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT "3"

# EXHIBIT "3"

**Entered on Docket**
**March 01, 2021**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: March 1, 2021

_Stephen Johnson_

_____

**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **VIKRAM SRINIVASAN**, | Case No. 20-51735 SLJ |
| Debtor. | Chapter 11 |
| **VIKRAM SRINIVASAN**, Debtor, | Adv. Proc. No. 21-5002 |
| Plaintiff, | |
| v. | |
| **FAY SERVICING LLC** *et al*, | |
| Defendants. | |

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff-Debtor Vikram Srinivasan requests I issue a preliminary injunction to prevent Defendants from modifying, transferring, or encumbering certain real property that is the subject of a long-running dispute between the parties. Defendants oppose Plaintiff's injunction request, arguing such relief is inappropriate because Debtor does not own the property—and never has, since title to the property was in the name of a company Plaintiff

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION

1   owned and not Plaintiff's name—and in any event the property was foreclosed on over a

2   year ago, and sold shortly after to a third party.

3        I will deny Plaintiff's motion because he fails to show that he could satisfy any of the

4   factors that apply to the imposition of an injunction.

5   **I.   BACKGROUND**[1]

6        Plaintiff filed this adversary proceeding on January 19, 2021. ECF 1. Plaintiff alleges

7   that his wholly owned company Summitridge Venture Group, LLC ("Summitridge") bought

8   real property located at 1648 Summitridge Drive,[2] Beverly Hills, California 90210 on

9   September 25, 2018 ("Property"). *Id.* ¶ 13. That purchase was financed in part by a

10  $3,500,000 loan from Civic Financial Services, LLC, which was secured by a deed of trust

11  and Plaintiff's personal guarantee. *Id.* ¶ 14. Then, on February 12, 2019, the deed of trust was

12  assigned to Civic Holdings III Trust ("Civic Holdings") and recorded. *Id.* ¶ 18.

13       Plaintiff later defaulted on the note, and Civic Holdings recorded a notice that set a

14  foreclosure for September 13, 2019. *Id.* ¶ 20–21. Summitridge filed a Chapter 11 petition on

15  September 12, 2019 – the day before the foreclosure sale – which caused Civic Holdings to

16  postpone the sale in light of the automatic stay. *Id.* ¶ 22; *see* Case No. 19-51855. That

17  bankruptcy was dismissed with a 90-day bar on refiling on November 12, 2019. *Id.* ECF 17.

18       On November 21, 2019, after Summitridge's bankruptcy case was dismissed,

19  Summitridge and Fay Servicing LLC ("Fay"), Civic Holdings' servicer, entered into a

20  forbearance agreement, which provided that Civic Holdings would not foreclose on the

21  Property until May 1, 2020, provided Summitridge paid Civic Holdings $712,823.87 by

22  November 26, 2019, as well as timely monthly payments thereafter. *Id.* ¶ 23. On November

23  25, 2019, Plaintiff paid Fay $250,000 by wire on behalf of Summitridge, but Summitridge

24

25

26       [1] It is not material that some of these facts are drawn from Defendants' papers
     because Plaintiff conceded at the hearing on this matter that they are not disputed.

27       [2] Plaintiff notes the property is also known as 1666 Summitridge Drive, Beverly Hills,
     California APN: 4335-009-012. ECF 1 ¶ 12.

28  ORDER DENYING MOTION FOR
    PRELIMINARY INJUNCTION                                                          2/12

1    was unable to pay the remaining amount because its "bank account being frozen due to an

2    unrelated matter," causing it to default on the forbearance agreement. *Id.* ¶ 26.

3         Civic Holdings rescheduled the foreclosure sale for December 4, 2019. But Plaintiff

4    filed an *individual* Chapter 11 petition on December 2, 2019.[3] On December 3, 2019, Fay

5    contacted Summitridge about entering into a second forbearance agreement. *Id.* ¶ 30. These

6    discussions resulted in an agreement that Civic Holdings would not foreclose until after

7    December 6, 2019, provided it received a payment of $112,937.87 before 11:00 a.m. on

8    December 4, 2019. *Id.* ¶ 31. On December 4, 2019, Civic Holdings proceeded with the

9    foreclosure sale and was the winning bidder. *Id.* ¶ 34. It later received a trustee's deed upon

10   sale. *Id.* On January 3, 2020, Civic Holdings transferred the Property to Civic Real Estate

11   Holdings III, LLC. *Id.* ¶ 36. Finally, on September 21, 2020, Civic Real Estate Holdings III,

12   LLC and Anthony and Lisa Nadalin entered into a real estate purchase agreement, and the

13   sale was closed on October 22, 2020. *Id.* ¶ 37.[4]

14        Based on these facts, Plaintiff's complaint asserts five claims: (1) for a judicial

15   declaration that Plaintiff and Summitridge are alter egos, and that both the foreclosure sale

16   and sale to the Nadalins were voided by the automatic stay; (2) for a judicial declaration,

17   premised on the alter ego claim, that the State court action is subject to the automatic stay in

18   this case; (3) turnover under § 542 of funds paid by Plaintiff under the forbearance

19   agreements; (4) civil contempt under § 105(a) for violations of the automatic stay arising

20   from the State court motion to expunge Plaintiff's *lis pendens*; and (5) injunctive relief under

21   § 105(a) to prevent Defendants from improving, transferring, or encumbering the Property.

22        Plaintiff filed this motion for preliminary injunction on February 12, 2021. ECF 17-1.

23   In sum, Plaintiff contends that while Summitridge held title to the Property at the time of

24   _____

25        [3] Plaintiff's individual bankruptcy case was dismissed on January 8, 2019 because
     Plaintiff failed to file certain court-ordered documents. Case No. 19-42729, ECF 15.

26        [4] Plaintiff contends this sale occurred subject to a *lis pendens* he recorded against the
     Property. ECF 1 ¶ 37. Defendants filed a motion to expunge the *lis pendens* in State court,
27   and the court issued an order granting the motion, but such order was stayed pending a
     determination that the automatic stay did not stay that order.

28   ORDER DENYING MOTION FOR
     PRELIMINARY INJUNCTION                                                              3/12

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

the foreclosure sale, his interests and those of Summitridge were so closely aligned that the stay in Plaintiff's individual 2019 bankruptcy case barred the foreclosure sale of the Property. He contends that any change to the status quo would impair his interests in the Property. As a consequence, he seeks an order that enjoins Defendants from transferring, improving, modifying, or improving the Property during this adversary proceeding. Plaintiff says such relief is necessary because those actions would entail additional litigation cost.

Both Wedgwood and the Natalins filed oppositions on February 22, 2021. ECF 35, 35. While different in their particulars, both parties argue Plaintiff's motion is baseless because the alter ego doctrine cannot be employed offensively, meaning the Property was not subject to the automatic stay in Plaintiff's 2019 bankruptcy, so the foreclosure sale and subsequent transfer were not improper violations of the automatic stay. In addition, the opposing parties question whether injunctive relief is necessary here because Plaintiff seeks money damages.

Plaintiff filed a reply on February 24, 2021. ECF 36. The reply largely reiterates the arguments presented in the motion: neither Civic Holdings nor the Natalins are bona fide purchasers because they were notified of Plaintiff's bankruptcy and the automatic stay that arose therein; that California allows a corporation to disavow its corporate form in the manner Plaintiff argues for; and that he meets the standard for granting a preliminary injunction because he will suffer irreparable harm if Defendants are not enjoined from taking actions on the Property. Finally, Plaintiff for the first time argues that Wedgwood has no standing to oppose the motion, as its security interest in the Property was extinguished at the foreclosure sale Plaintiff elsewhere contends violated the automatic stay.

## II.    LEGAL STANDARD

A party to a bankruptcy adversary proceeding may move for a preliminary injunction. Civil Rule 65(a)[5] (incorporated by Bankruptcy Rule 7065). To prevail on such a motion, the

---

[5] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION                                                                4/12

<div style="writing-mode: vertical">UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA</div>

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   moving party must show "that an injunction would be in the public interest, that without an

2   injunction irreparable harm is likely, that the balance of equities tips in its favor, and that it is

3   likely to succeed on the merits." *DISH Network Corp. v. FCC*, 653 F.3d 771, 776 (9th Cir.

4   2011) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). The Ninth Circuit applies a sliding

5   scale approach where, for instance, "a stronger showing of irreparable harm to plaintiff

6   might offset a lesser showing of likelihood of success on the merits." *Alliance for the Wild*

7   *Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

8   **III.   DISCUSSION**

9      A.   <u>Plaintiff Does not Satisfy any of the Factors for Granting a Preliminary Injunction</u>

10         1.   *Plaintiff is Unlikely to Succeed on the Merits*

11            a.   The Court is not likely to Conclude the Stay in Debtor's
                 Prior Individual Case Stayed the 2019 Foreclosure of the
12               Property

13   Plaintiff's lawsuit is built almost entirely around a single contention: that he and

14   Summitridge, his wholly owned company, are the same person. Plaintiff contends Civil

15   Holdings violated the automatic stay in Plaintiff's prior bankruptcy case by foreclosing on

16   property in Summitridge's name. To give substance to this somewhat odd contention,

17   Plaintiff claims that Summitridge is his alter ego. He therefore contends that any property in

18   Summitridge's name was part of his personal bankruptcy case and protected by the

19   automatic stay in that case. ECF 17-1, p. 4.

20      I cannot find it likely that Plaintiff will succeed on the merits of that contention.

21   "Ordinarily, a corporation is regarded as a legal entity separate and distinct from its

22   stockholders, officers and directors. Under the alter ego doctrine, however, where a

23   corporation is used by an individual or individuals, or by another corporation, to perpetrate

24   fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, a

25   court may disregard the corporate entity and treat the corporation's acts as if they were done

26

27   Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and
     Bankruptcy Local Rules.
28   ORDER DENYING MOTION FOR
     PRELIMINARY INJUNCTION                                                          5/12

by the persons actually controlling the corporation." *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 993 (1995) (citations omitted). "In general, the two requirements for applying the alter ego doctrine are that (1) there is such a unity of interest and ownership between the corporation and the individual or organization controlling it that their separate personalities no longer exist, and (2) failure to disregard the corporate entity would sanction a fraud or promote injustice." *Id.* (citations omitted). Some cases allow "corporations to disavow the corporate form where doing so prevents injustice." *Brooklyn Navy Yard Cogeneration Partners, L.P. v. Superior Ct.*, 60 Cal. App. 4th 248, 259 (1997) (collecting cases). But as a general matter "[p]arties who determine to avail themselves of the right to do business by means of the establishment of a corporate entity must assume the burdens thereof as well as the privileges." *Id.* (citations and internal quotation marks omitted).

Plaintiff has provided no controlling caselaw for the contention the automatic stay arising in an individual's bankruptcy case covers property of a non-debtor corporate entity. The sole Ninth Circuit decision referred to in Plaintiff's brief, *In re American Hardwoods*, 885 F.2d 621 (9th Cir. 1989), holds that a bankruptcy court has no power under § 105(a) to permanently enjoin collection actions against insiders who owned, controlled, and financed a manufacturing company because such an injunction runs afoul of § 524(e). If the case means anything here, it means the Ninth Circuit actually respects the boundaries between closely held companies and their owners. Plaintiffs also rely on *In re A.H. Robins Co.*, 880 F.2d 694, but the Ninth Circuit expressly limited that decision in *American Hardwoods* to its unique facts. Those facts included 195,000 personal injury claimants, which is not our case.

Plaintiff's cited bankruptcy cases from the Ninth Circuit are no better. *In re Circle K Corporation*, 121 B.R. 257 (Bankr. D. Ariz. 1990), involved a decision by the bankruptcy court to enjoin district court litigation against certain company insiders (admittedly, non-debtors) which could have triggered payments on insurance policies in debtor's favor. Enjoining those suits, the court reasoned that, at least at the early stage of the case, debtor needed relief from the potential adverse consequences of the litigation. Likewise, in *In re Family Home*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

*Services, Inc.*, 105 B.R. 937 (Bankr. C.D. Cal. 1989), the bankruptcy court enjoined actions by creditors of an HMO against its individual members. In doing so, it specifically held that any claims against members would result in claims being filed against HMO, and large collection of those claims and angry customers would be deleterious to the reorganization effort.

This case is different. Plaintiff's relief would require a determination by the court that the stay in Plaintiff's individual chapter 11 case covered the property of his wholly owned limited liability company. Effectively, he seeks to impose that stay retroactively to a date more than one year ago, before the foreclosure of the Property. I doubt I could ever conclude this argument was sustainable.

<div align="center">

b. If the Court Accepted Plaintiff's Alter Ego Argument, he Would be Bound by Prior Orders Barring the 2019 Filing

</div>

Plaintiff's argument for retractive recognition of his ownership of the Property creates a legal quagmire. Judge Hammond ordered Summitridge's case dismissed and placed a 90-day bar on refiling. Moreover, § 109(g) disqualifies a debtor who files less than 180 days after the dismissal of a prior case.[6] Given this, it is certainly arguable that Plaintiff 2019 case, filed on December 2, 2019, was barred.

<div align="center">

c. The Stay in this Case Terminated by Operation of Law

</div>

It is conceivable, but not exactly clear, that Plaintiff is relying on the automatic stay in his current case for his claimed § 105(a) relief. But that argument is not sustainable. The automatic stay terminated in this case under § 362(c)(3)(A). Case No. 20-51735 ECF 52. Plaintiff's motion in essence asks that I use my power under § 105(a) to enjoin activity that would already be enjoined, but for the fact that Plaintiff no longer has the protection of the automatic stay. Plaintiff does not explain how this would carry out the provisions of § 362(a). I find it would not; in fact, granting the injunction Plaintiff seeks would subvert the

---

[6] Section 109(g) refers to a prior case of an individual. Debtor is an individual. Summitridge is not. But if they are the same, as Plaintiff himself contends, it is arguable the provision applies.

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION                                                      7/12

1  Code by denying the force of § 362(c)(3)(A), which terminated the automatic stay here by

2  operation of law.[7]

3      Any such argument would fail for the additional reason that it would represent a

4  collateral attack on my order denying Plaintiff's motion to extend the stay. Moreover, that

5  order is itself on appeal, and the existence of the appeal typically divests a bankruptcy court

6  of jurisdiction "over those aspects of the case involved in the appeal." *In re Padilla*, 222 F.3d

7  1184, 1190 (9th Cir. 2000); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)

8  ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests

9  the district court of its control over those aspects of the case involved in the appeal."). The

10  bankruptcy court retains jurisdiction over all other matters that it must undertake to

11  implement or enforce the judgment or order but it "may not alter or expand upon the

12  judgment." *Padilla*, 222 F.3d at 1190. The effect of that order was to allow § 362(c)(3)(A) to

13  terminate the automatic stay on January 9, 2021.

14      I conclude that Plaintiff does not have a reasonable likelihood of prevailing on the

15  merits. Plaintiff's contention that the stay from his individual case barred a foreclosure of

16  Summitridges's property is not likely to be sustained. If I accepted that argument, Plaintiff

17  was then bound by prior rulings that barred future bankruptcy cases, calling into question

18  the filing of the underlying case. Finally, if the request for an injunction is premised on the

19  now-expired stay in the present case, it must fail. In short, Plaintiff has not shown he can

20  succeed on the merits.

21      *2.  Plaintiff Fails to Show that Irreparable Harm is Likely*

22      In addition to having no chance on the merits, I find Plaintiff shows no likelihood of

23  irreparable harm. "Under *Winter*, plaintiffs must establish that irreparable harm is *likely,* not

24  just possible, in order to obtain a preliminary injunction." *Wild Rockies*, 632 F.3d at 1131

25  (emphasis in original) (citing *Winter*, 555 U.S. at 21). Plaintiff argues he will suffer irreparable

26
27      [7] Plaintiff also invokes the turnover provisions of § 542 in the third claim of his
  complaint. ECF 1, p. 12. But because that claim seeks a certain sum of money, I find no
28  basis to issue an injunction by force of that claim, and so disregard it.

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION                                    8/12

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  harm if the Property is further encumbered, improved, or modified, or is transferred during

2  this adversary proceeding. He alleges this is so because such actions will cause Plaintiff to

3  incur additional litigation costs in removing such encumbrances and modifications. He also

4  points to California Civil Code § 3387, arguing that section creates a presumption of

5  irreparable harm in cases involving real estate.

6      First, California Civil Code § 3387 does not apply here. That section says: "It is to be

7  presumed that the breach of an agreement to transfer real property cannot be adequately

8  relieved by pecuniary compensation. In the case of a single-family dwelling which the party

9  seeking performance intends to occupy, this presumption is conclusive. In all other cases,

10  this presumption is a presumption affecting the burden of proof." Plaintiff's complaint does

11  not assert a claim for breach of a contract to transfer real property. In fact, the complaint

12  does not even assert a claim for breach of either forbearance agreement. But if it did, the

13  record shows that those agreements were separate from the original agreement to purchase

14  the Property. Because this injunction is not premised on the breach of a real property

15  transfer agreement, the California Civil Code § 3387 presumption does not apply.

16      Second, even if that presumption did apply, that presumption only burdens

17  Defendants with showing that money damages would adequately compensate Plaintiff here –

18  as opposed to conclusively showing such damages are insufficient – because the Property is

19  not, and was not, Plaintiff's residence. Plaintiff's petition in this case shows his home address

20  is currently 440 Dixon Landing Road G201, Milpitas, CA 95035. ECF 1, p. 2. And his 2019

21  petition shows his home address then was 1651 Green Valley Road, Danville, CA 94526.

22  Case No. 19-42729 ECF 1, p. 2. Since the Property is not Plaintiff's residence, Defendants

23  have to rebut the presumption that damages are insufficient to compensate Plaintiff. I find

24  Defendants can do so by pointing to Plaintiff's own allegations. Plaintiff's motion states that

25  the harm he will suffer if Defendants are not enjoined is increased litigation costs to remove

26  encumbrances, and costs in removing any modifications. That is, Plaintiff states he would

27

28  ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION                                    9/12

1   have to pay extra money to reverse such actions. Plaintiff does not explain why monetary

2   costs like these cannot be compensated with money damages. I find they can.

3       I also note that Plaintiff fails to show there is any likelihood that Defendants are

4   doing what Plaintiff seeks to enjoin, or will in the near future. At most, Plaintiff states that

5   "[w]ork has already commenced on the subject property[,]" ECF 17-1, p. 6, but I can find

6   nothing in the record to corroborate this allegation. And even accepting that the Property is

7   unique, this does not mean any work done would automatically be injurious to Plaintiff.

8           *3.  The Equities Favor Defendants*

9       Next, I find the equities of this case favor Defendants. Plaintiff seeks to undo a

10  foreclosure and subsequent sale of the Property that occurred over a year ago. He seeks to

11  do so via a retroactive determination that Summitridge is his alter ego, where in prior

12  proceedings regarding the Property he appears to have relied on Summitridge's separate

13  corporate personhood. Moreover, this proceeding is just one of a number of cases, both in

14  and out of bankruptcy court, aimed at frustrating the efforts of creditors to exercise their

15  rights in the Property. Both his and Summitridge's prior bankruptcies have been dismissed

16  for failure to follow court orders, and it appears this bankruptcy was the product of the State

17  court ruling that his *lis pendens* was invalid. Plaintiff's 2019 case seems to have been filed in

18  Plaintiff's name rather than Summitridge's, because that company was barred by Judge

19  Hammond from filing another case for 90 days. I find the record shows Plaintiff has acted

20  inequitably across these cases, so this factor weighs against granting the motion.

21          *4.  The Public Interest Does Not Support Granting a Preliminary Injunction*

22      Finally, I find the public interest will not be served by granting Plaintiff the relief he

23  seeks. Plaintiff argues a preliminary injunction is necessary to enforce the automatic stay,

24  which in turn is essential to any honest debtor successfully reorganizing their affairs. I agree,

25  but as discussed above, the automatic stay had no effect on the foreclosure sale, so the

26  important interest Plaintiff identifies will not be served by the injunction he seeks.

27

28  ORDER DENYING MOTION FOR
    PRELIMINARY INJUNCTION                                                    10/12

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

## IV.   CONCLUSION

Plaintiff is not entitled to a preliminary injunction under § 105(a). Accordingly, it is hereby ordered that Plaintiff's motion be denied.

IT IS SO ORDERED.

**END OF ORDER**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION

11/12

**COURT SERVICE LIST**

U.S. Mail:

Fay Servicing LLC
c/o Registered Agent Solutions Inc.
1220 S St. Ste. 150
Sacramento, CA 95811-7147

[ECF recipients]

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION

12/12

## Notice Recipients

District/Off: 0971−5                    User: admin                         Date Created: 3/1/2021
Case: 21−05002                          Form ID: pdfeoapc                    Total: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
dft          Fay Servicing LLC        ( E. Loockerman Street        #311        Dover, DE 19901
             Fay Servicing LLC        c/o Registered Agent Solutions Inc.        1220 S St. Ste. 150        Sacramento, CA
             95811−7147

                                                                                                    TOTAL: 2